# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| § | | |
| vs. § | Case No. 4:10cr38 | |
| § | (Judge Schell) | |
| SCOTT WAYNE MCCASLAND § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 19, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Miriam Rea.

On December 4, 1998, Defendant was sentenced by the Honorable John McBryde to eighty (80) months' custody followed by three (3) years of supervised release for the offense of Bank Robbery. On July 13, 2007, Defendant completed his period of imprisonment and began service of his supervised term. On November 13, 2008, Defendant's supervised release was revoked and he was sentenced to thirteen (13) months' custody followed by an additional twenty-three (23) months of supervised release. On September 11, 2009, Defendant completed his second period of imprisonment and began service of his second supervised term. On February 23, 2010, this case was transferred to the Eastern District of Texas and assigned to the Honorable Richard A. Schell.

On March 1, 2010, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory condition: the defendant shall refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests

thereafter, as directed by the probation officer. The petition also alleged violations of the following standard conditions: (1) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (2) the defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month. The petition also alleged violations of the following special conditions: (1) the defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic or drug abuse or alcohol dependency that will include testing for the detection of substance abuse, and contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment; and (2) if upon commencement of the term of supervised release, any part of the $2,938 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid amount at the rate of at least $50 per month, the first such payment to be made no later than sixty days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution amount is paid in full. Any unpaid balance of the restitution ordered by this judgment shall be paid in full sixty days prior to the termination of the term of supervised release.

  The petition alleges that Defendant committed the following acts: (1) On October 7 and 9, 2009, Defendant submitted urine specimens at McCary Counseling Services, Denton, Texas, which tested positive for methamphetamine. On October 27, 2009, Defendant admitted to using methamphetamine on said dates; (2) Defendant failed to submit random urine specimens at McCary Counseling Services, Denton, Texas on November 6, 14, 17, 18, and 22, 2009, and December 5, 11, and 14, 2009. Defendant also failed to attend substance abuse counseling at McCary on November

24 and 28, 2009, and December 1 and 8, 2009. Defendant was unsuccessfully discharged from substance abuse counseling on December 15, 2009; (3) Defendant failed to report in person to the U.S. Probation Office on November 23, 2009. Defendant failed to submit a written monthly report for the months of November 2009, December 2009, and January 2010; and (4) Defendant failed to make restitution payments for the months of November 2009, December 2009, and January 2010. The outstanding restitution balance is $610.78.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the violations. The Court recommends that Defendant's supervised release be revoked.

### RECOMMENDATION

The Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eleven (11) months with no supervised release to follow. It is also recommended that Defendant be housed in the Bureau of Prisons, Seagoville Unit. The Court also recommends that Defendant be subject to a mental health examination.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 20th day of July, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE